UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DERRICK LEE SMITH,

               Plaintiff,

v.

UNKNOWN SALINAS et al.,

               Defendants.

_____/

Case No. 2:25-cv-252

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or sought leave to proceed *in forma pauperis*. However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

*in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Smith v. Fager et al.*, No. 1:24-cv-308 (W.D. Mich. Aug. 27, 2024); *Smith v. Maloney et al.*, No. 1:23-cv-421 (W.D. Mich. May 16, 2023); *Smith v. Jones et al.*, No. 1:22-cv-1082 (W.D. Mich. Feb. 17, 2023); *Smith v. Otto et al.*, No. 1:22-cv-1028 (W.D. Mich. Feb. 17, 2023); *Smith v. Brock et al.*, No. 1:22-cv-634 (W.D. Mich. Feb. 21, 2023); *Smith v. Schiebner et al.*, No. 1:21-cv-878 (W.D. Mich. Jan. 25, 2022); *North et al. v. Scanlon et al.*, No. 1:21-cv-518 (W.D. Mich. Jul. 13, 2021); *Smith v. Washington et al.*, No. 2:18-cv-10736 (E.D. Mich. Oct. 5, 2018); *Smith v. Hall et al.*, No. 1:18-cv-277 (W.D. Mich. Apr. 3, 2018); *Smith v. Wayne Cnty. Prosecutor's Office et al.*, No. 2:09-cv-12287 (E.D. Mich. June 25, 2009). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.

In addition, Plaintiff has been denied leave to proceed *in forma pauperis* under the three-strikes rule in at least five cases. *See Cardello-Smith v. Salinas et al.,* No. 2:25-cv-246 (W.D. Mich. Nov. 4, 2025); *Smith v. Ionia Correctional Facility et al.*, No. 1:25-cv-353 (W.D. Mich. Apr. 29, 2024); *Smith v. Washington et al.*, No. 1:20-cv-1211 (W.D. Mich. Mar. 2, 2021); *Smith v. Writeaprisoner.com Inc. et al.*, No. 1:20-cv-1201 (W.D. Mich. Mar. 5, 2021); *Smith v. Penman et al.*, No. 1:18-cv-1212 (W.D. Mich. Feb. 13, 2019).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is presently incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility (KCF) in Muskegon Heights, Muskegon County, Michigan. Plaintiff sues Defendants located at KCF, the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan, and the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan, as well as state and county officials in Lansing, Michigan, and in Wayne County, Michigan. (ECF No. 1, PageID.1.) Specifically, Plaintiff sues the MDOC, the MDOC Hearings Division, MDOC Director Heidi Washingon, KCF Warden Jeffrey Howard, ICF Inspector

Unknown Salinas, ICF Prison Counselor Walton Smith, MCF Inspector Jason Brock, Wayne County Prosecutor Kym L. Worthy, Michigan Attorney General Dana Nessel, and Wayne County Detective Patricia Penman. (*Id.*)

Plaintiff states that he is seeking an immediate lifting of the "fraudulent" telephone restriction that has been imposed on him by Defendants. (*Id.*) Plaintiff states that he is offering a "verified hearings report" as evidence that the telephone restriction is interfering with his right of access to the courts. (*Id.*) Plaintiff further states that Defendants have conspired to use the restriction to "silence Plaintiff on Kym L. Worthy's own instructions." (*Id.*) Plaintiff attaches the copy of what purports to be an unsigned Notice of Intent (NOI) imposing a telephone restriction that lists ICF Defendant Brock as the reporting staff member and states that the restriction is necessary to prevent Plaintiff from jeopardizing his convictions for rape, as well as the convictions of "at least 128 other prisoners out of Wayne County." (ECF 1-1.) The NOI indicates that a "Due Process Override" was authorized against Plaintiff pursuant to the instructions of Defendants Worthy, Nessel, and Penman, as well as non-Defendant David Fink. (*Id.*) The Court notes that given the fact that the NOI is unsigned and contains an unlikely admission of an unlawful conspiracy by prison officials, the Court questions the veracity of the document. However, even if Plaintiff's accusations against Defendants are taken at face value, Plaintiff does not allege any facts that would suggest that Plaintiff was in imminent danger of serious physical injury when he filed this complaint.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district

court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma* pauperis. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the full appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   December 9, 2025                      /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.